**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2464**

URS FEDERAL SERVICES, INC.,

        Petitioner,

      v.

OCCUPATIONAL SAFETY & HEALTH ADMINISTRATION; EUGENE
SCALIA, Secretary, U.S. Department of Labor; UNITED STATES DEPARTMENT
OF LABOR,

        Respondents.

On Petition for Review of an Order of the Occupational Safety and Health
Administration. (18-0278)

Submitted: January 7, 2021             Decided: February 17, 2021

Before GREGORY, Chief Judge, DIAZ, and QUATTLEBAUM, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Alana F. Genderson, Alexander S. Malson, Washington, D.C., Jason S. Mills, MORGAN,
LEWIS & BOCKIUS LLP, Los Angeles, California, for Petitioner. Kate S. O'Scannlain,
Solicitor of Labor, Edmund C. Baird, Associate Solicitor for Occupational Safety and
Health, Charles F. James, Counsel for Appellate Litigation, Jessica L. Cole, UNITED
STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

URS Federal Services, Inc. ("URS"), petitions for review of a final order, issued by the Occupational Safety and Health Review Commission ("the Commission"), upholding a citation and penalty for URS's serious violation of 29 C.F.R. § 1910.215(d)(1). Finding no reversible error, we deny the petition.

On review of a decision by the Commission, "the determination of the [Commission] shall be conclusive if supported by substantial evidence in the record considered as a whole." *Forging Indus. Ass'n v. Sec'y of Labor*, 773 F.2d 1436, 1443 (4th Cir. 1985) (brackets and internal quotation marks omitted); *see* 29 U.S.C. § 660(a). Consequently, "we must affirm a Commission determination supported by substantial evidence even though we might reach a contrary result in a proceeding de novo." *Scalia v. Wynnewood Ref. Co.*, 978 F.3d 1175, 1188 (10th Cir. 2020) (internal quotation marks omitted). In this context, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Forging Indus. Ass'n*, 773 F.2d at 1443 (internal quotation marks omitted).

To sustain a citation for violating "an occupational safety or health standard, the Secretary [of Labor] must prove by a preponderance of the evidence (1) the applicability of the standard, (2) the employer's noncompliance with the terms of the standard, (3) employee access to the violative condition, and (4) the employer's actual or constructive knowledge of the violation." *N & N Contractors, Inc. v. Occupational Safety & Health Rev. Comm'n*, 255 F.3d 122, 125-26 (4th Cir. 2001). Here, the sole disputed

issue is whether substantial evidence supports the determination that URS had constructive knowledge of the violation.[*]

"An employer has constructive knowledge of a violation if the employer fails to use reasonable diligence to discern the presence of the violative condition." *Id.* at 127. "Factors relevant in the reasonable diligence inquiry include the duty to inspect the work area and anticipate hazards, the duty to adequately supervise employees, and the duty to implement a proper training program and work rules." *Id.*

At a trial before an administrative law judge (ALJ), the evidence established that one of URS's employees, a welder, suffered severe injuries when, in violation of 29 C.F.R. § 1910.215(d)(1), he used a grinder and grinding stone that were incompatible with one another. In finding that URS failed to exercise reasonable diligence to discover the violation, the ALJ cited, among other things, URS's failure to show that it trained each of its welders on the compatibility requirement, as well as testimony from the injured welder's supervisor indicating that the supervisor was unaware of the compatibility requirement and, thus, could not ensure his subordinates' compliance with this safety protocol. Because our review of the record confirms that substantial evidence supports these findings, we conclude that the ALJ properly charged URS with constructive knowledge of the violation.

---

[*] URS also contends that the violation resulted from unpreventable employee misconduct. But because URS did not present this claim to the Commission in its petition for discretionary review, we do not consider this argument here. 29 U.S.C. § 660(a); *see Frank Lill & Son, Inc. v. Sec'y of Labor*, 362 F.3d 840, 844 (D.C. Cir. 2004).

3

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*